MARLIN D. YOUNG *v*. STATE OF INDIANA.

[No. 1-772A29. Filed March 29, 1973.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Anthony J. Metz, III*, Deputy Attorney General, for appellee.

LYBROOK, J.—This appeal concerns an adverse ruling upon appellant's (Young's) Petition for Relief under Post-Conviction Remedy Rule 1. Young's Amended Motion to Correct Errors alleges that the trial court erred by not complying with several specific sections of the above rule.

Young was charged with Theft, the affidavit alleging that on September 22, 1969, he unlawfully and feloniously obtained unauthorized control over the property of Ralph Bedwell, to-wit: 1,100 feet of copper wire of the value of more than $100.00.

On September 23, 1969, Young appeared in the Sullivan Circuit Court for arraignment before Honorable Wendell Tennis, now deceased. After being advised generally as to his constitutional rights and in particular, his right to counsel, appellant waived his right to counsel, and entered a plea of guilty. Three days later a pre-sentence investigation report was filed and the court sentenced Young to the Indiana State Prison for a period of not less than one nor more than 10 years and fined him $500.00.

On January 4, 1972, appellant filed a Petition for Post-

Conviction Relief upon the form set forth in PCR 1, including an affidavit of indigency. This petition was summarily overruled by Judge Tennis on the same date, although a transcript of the arraignment had never been made, the Public Defender's office had not been notified and no finding as to indigency was made.

On January 19, 1972, Young filed a Motion to Correct Errors. On February 16, 1972, the court reporter certified a copy of the transcript of the arraignment proceedings, but Judge Tennis neither certified it nor ordered it made part of the record, prior to his death.

On March 8, 1972, Young filed a Motion for Change of Judge. Edwin B. Long, Judge Pro Tempore, after naming a panel, ordered a copy of the record sent to the Public Defender of Indiana and the Sullivan County Prosecuting Attorney. Subsequently, The Honorable James R. Arthur was selected as Special Judge and set a hearing on the Motion to Correct Errors for April 11, 1972. On April 20, 1972, Young filed his Amended Motion to Correct Errors, which is the foundation of this appeal. Same was overruled on April 25, 1972, by Judge Arthur.

Young contends that the trial court failed to comply with the following requirements of PCR 1:

"SECTION 2.   * * *
"If an affidavit of indigency is attached to the petition, the clerk shall call this to the attention of the court. *If the court finds that the petitioner is indigent, it shall allow petitioner to proceed in forma pauperis and order a copy of the petition sent to the Public Defender's Office.*

* * *

"SECTION 4. Pleadings.
(a)   Within thirty (30) days after the filing of the petition, or within any further reasonable time the court may fix, the State, by *the prosecuting attorney, shall respond by answer* stating the reasons, if any, why the relief prayed for should not be granted.

* * *

"(d)   If the petition is challenging a sentence imposed following a plea of guilty, the court *shall make a part of the record the certified transcript* made pursuant to Rule CR 10.

\* \* \*

"SECTION 9.   Counsel.

(a)   Upon receiving a copy of the petition, including an affidavit of indigency, from the clerk of the court, the *Public Defender shall serve as counsel for petitioner,* representing him in all proceedings under this Rule, including appeal, if necessary.

\* \* \*

"Counsel shall confer with petitioner and ascertain all grounds for relief under this Rule, *amending the petition if necessary to include any grounds not included by petitioner in the original petition."*   (Our emphisis.)

Young contends that since his Petition for Post-Conviction Relief contained an affidavit of indigency and a request to have the Public Defender represent him, that the court erred in not making any finding as to his indigency, in not entering an order allowing him to proceed *in forma pauperis* and in not ordering a copy of the petition sent to the Public Defender's office.

Appellant also maintains that the court erred in denying his petition prior to the filing of an answer by the Prosecuting Attorney, as required in Section 4(a) and without allowing the Public Defender to enter an appearance or amend the petition.

Young further argues that the court erred in ruling upon his petition before the transcript of the arraignment was made a part of the record, pointing out that the transcript had not even been prepared until February 16, 1972, as required by CR. 10.

It is apparent that appellant's Petition for Post-Conviction Relief was denied in contravention of PCR. 1.   Appellant was thereby denied his opportunity to consult with the Public Defender in order to modify said petition, because the latter, not having been notified, was un-

aware of the proceeding. Also, at the time the petition was denied, the transcript of the arraignment had not been made part of the record, in contravention of PCR. 1, Sec. 4(d).

We can understand Judge Arthur's reluctance to certify that the transcript is true and complete, when in fact, he has no knowledge thereof. However, since Judge Tennis is deceased and since there is nothing before us to suggest that the transcript is not true and complete, we direct that it be made part of the record, in its present form.

This cause is hereby remanded with the following instructions: (1) That the ruling on the Amended Motion to Correct Errors, be set aside (2) That the defendant be allowed an opportunity to amend his Petition for Post-Conviction Relief with the aid of the Public Defender and (3) That further proceedings be had in a manner not inconsistent with PCR. 1.

Robertson, P.J. and Lowdermilk, J., concur.